IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK CHRISTIAN NICHOLS, | ) | |
| ID # 18869-009, | ) | |
| | ) | |
| vs. | ) | No. 3:04-CV-0059-N |
| | ) | |
| D. JOSLIN, | ) | |
|       Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is an action filed pursuant to 28 U.S.C. § 2241 to challenge the calculation of credit to petitioner's federal sentence.

**B. Parties**: Movant is currently incarcerated in a federal prison located in Seagoville, Texas. The respondent is D. Joslin, Warden of the Seagoville facility.

**C. Procedural History:**[1] On May 13, 1991, petitioner was convicted in the United States District Court for the Eastern District of Arkansas for distribution of marijuana and carrying a gun in relation to a drug trafficking offense. The court sentenced him to twenty months imprisonment for the distribution offense and eighty months imprisonment on the firearm offense, and ordered that the sentences run consecutively. On August 26, 1992, petitioner was convicted in that same court

---

[1] The procedural background is taken from petitioner's federal petition for writ of habeas corpus, respondent's answer, an appendix to that answer, and petitioner's reply to the answer.

of conspiracy to possess methamphetamine and cocaine with intent to distribute. The court sentenced him to two hundred months imprisonment on each offense, to run concurrently, but with both to run consecutively to petitioner's previous sentences. On August 27, 1996, the court vacated the 1991 firearm conviction. Petitioner is thus currently serving 220 months total for his federal offenses.

Petitioner filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the manner in which the Bureau of Prisons (BOP) calculates good conduct time applicable to his sentence in accordance with 18 U.S.C. § 3624(b). (Pet. at 2; Mem. Supp. Pet. at 2, attached to Pet.) As part of such challenge, petitioner claims that the BOP has violated his rights to due process and equal protection by misinterpreting § 3624(b). (Pet. at 2; Mem. Supp. Pet. at 19.)

After receiving the instant action on September 10, 2003, the Eastern District of Arkansas transferred the action to this Court on January 7, 2004. (*See* Mem. & Order, doc. 10.) On January 28, 2004, this Court directed respondent to file an answer. (*See* Order to Show Cause.) On March 29, 2004, respondent filed an answer in which he argues that the Court should dismiss the petition because petitioner has failed to exhaust his administrative remedies. (Answer at 2-3.) Respondent also argues that the challenge fails on the merits. (*Id.* at 7.) On April 13, 2004, the Court received a Traverse Reply and supporting memorandum from petitioner. (*See* Traverse Reply at 1; Mem. Supp. Reply, attached to Traverse Reply.) Petitioner therein asserts that his challenge has merit and should not be dismissed for any lack of exhaustion. (Traverse Reply at 1-2; Mem. Supp. Reply at 1-22.)

## II. EXHAUSTION

Respondent argues that petitioner has not exhausted the administrative procedure for resolving his sentence credit issue. (Answer at 2-3.) Petitioner concedes that he has not exhausted available administrative remedies, but argues that it is futile for him to do so. (Mem. Supp. Pet. at 5-6; Mem. Supp. Reply at 3.)

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Although exhaustion is not a jurisdictional requirement in the context of a § 2241 petition, *see Hager v. United States Atty. Gen.*, No. 3:04-CV-40-M, 2004 WL 691578, at *1 (N.D. Tex. Mar. 26, 2004), *accepted by* unpub. order (N.D. Tex. Apr. 14, 2004), federal prisoners who challenge the calculation of their sentences should exhaust the remedies provided by the BOP, *see, e.g., United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Sanchez v. Wendt*, No. 3:03-CV-1372-M, 2003 WL 22327877, at *1 (N.D. Tex. Oct. 8, 2003) (findings and recommendation), *accepted by* 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003).

Sections 542.10 through 542.19 of Title 28 of the Code of Federal Regulations set out the BOP administrative procedure for inmates who want to challenge the sentence calculation of their federal sentence. Pursuant to this procedure inmates may "seek formal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. The process generally commences by "present[ing] an issue of concern informally to staff." *Id.* § 542.13. If the inmate is unsatisfied with the informal resolution, he "submits a Request for Administrative Remedy" to commence the formal portion of the administrative process. *Id.* Such request generally must be filed within twenty "calendar days following the date on which the basis for the Request occurred." *Id.* § 542.14(a).

3

Within twenty days of the filing of such a formal request, the Warden generally issues a formal response.[2] *Id.* § 542.18. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a).[3] The Regional Director generally issues a formal response within thirty calendar days. *Id.* § 542.18. "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* § 542.15(a). General Counsel generally issues a final response within forty calendar days. *Id.* § 542.18. "Appeal to the General Counsel is the final administrative appeal." *Id.* § 542.15(a). Upon completing this multiple-tiered review process, federal inmates may challenge sentence credit calculations through a § 2241 petition.

However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action", petitioners need not exhaust administrative remedies. *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on

---

[2] The response times set forth in § 542.18 are subject to being shortened for emergency cases and lengthened if the response time is deemed "insufficient to make an appropriate decision." *See* 28 C.F.R. § 542.18. In addition, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

[3] Upon demonstration of "a valid reason for delay," the time limits of § 542.15(a) "may be extended." *See* 28 C.F.R. § 542.15(a).

his § 2241 petition despite a lack of exhaustion. *See Id.* Furthermore, "'it is not inconsistent with § 2241 or [its] habeas corpus precedent to follow the policy of § 2254(b)(2)' and deny the § 2241 petition on the merits despite a lack of exhaustion." *Edwards v. Bowles*, No. 3:03-CV-2624-M, 2004 WL 308036, at *7 (N.D. Tex. Feb. 18, 2004) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)), *accepted by* 2004 WL 741290 (N.D. Tex. Mar. 16, 2004).

In this instance, petitioner concedes that he has not exhausted his administrative remedies. (Mem. Supp. Pet. at 6; Mem. Supp. Reply at 3.) He asserts that it is futile for him to pursue the administrative process with respect to his time-credit issue because "the BOP is bound by an incorrect policy, [and thus] any adminstrative remedy would be **futile**." (Mem. Supp. Pet. at 6.) More specifically, he contends that the BOP is bound by Program Statement 5880.28 and a federal regulation, 28 C.F.R. § 523.20, to interpret 18 U.S.C. § 3624(b) contrary to its plain meaning. (*Id.*) In support of his position, Petitioner cites an unpublished case from this Court which accepted such futility assertion. (*See* Ex. A to Mem. Supp. Reply (attaching copy of *Martinez v. Wendt*, No. 3:03-CV-0826-L, 2003 WL 22456808, at *1 (N.D. Tex. Oct. 24, 2003), *accepted by* 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).) The *Martinez* court found a claim of futility "meritorious" because "it is unlikely in the extreme that were he to pursue additional administrative remedies the Bureau of Prisons would grant relief in his individual case in contravention to its own published regulations." *See* 2003 WL 22456808, at *1. The court thus addressed the time-credit issue on the merits. *Id.* at *1-3.[4]

---

[4] The Court also notes that two recent cases in this district also addressed the merits of a similar time-credit issue after finding that "adherence to the exhaustion requirement in this case would serve no purpose other than delay" because of the shortness of time remaining on the petitioner's sentence. *See Geis v. Federal Bureau of Prisons*, No. 3:04-CV-2737-P, 2005 WL 525174, at *1 n.2 (N.D. Tex. Mar. 3, 2005) (recommendation not yet accepted by the District Court); *Esposito v. Federal Bureau of Prisons*, No. 3:04-CV-2686-P, 2005 WL 525206, at *1 n.2 (N.D. Tex. Mar. 3, 2005) (same).

5

On the other hand, Respondent relies on two unpublished cases from this Court that have rejected similar assertions of futility. (*See* App. at 8-21 (providing copies of *Herman v. Wendt*, No. 3:03-CV-1204-D, 2004 WL 68018, at *2 (N.D. Tex. Jan. 13, 2004), *accepted by* 2004 WL 557290 (N.D. Tex. Feb. 11, 2004); *Sanchez v. Wendt*, No. 3:03-CV-1372-M, 2003 WL 22327877, at *2-3 (N.D. Tex. Oct. 8, 2003) (findings and recommendation), *accepted by* 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003).) In *Herman*, "the Court [wa]s not convinced that exhaustion would be futile" because "the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *See* 2004 WL 68018, at *2. The fact that petitioner was "challeng[ing] the good time credit regulation itself and . . . the BOP [wa]s not likely to overturn existing regulations" was insufficient to show futility. *Id.*

The *Sanchez* court was likewise unconvinced about the futility of exhaustion for the same reasons. *See* 2003 WL 22327877, at *2. It was also not persuaded by the contention "that every inmate who challenges the calculation of good time credit receives an identical response," because such response "appear[ed] to come from the Inmate Systems Manager at the informal stage of the administrative review process" and because "the fact that petitioner believes his administrative review will be denied does not make this remedy futile." *Id.* The *Sanchez* court cogently stated:

> Petitioner's plight is no different than any other prisoner who disagrees with the calculation of his good time credits. This court is unwilling to create a wholesale exception to the exhaustion doctrine that would allow federal prisoners to circumvent the administrative appeal process and seek federal habeas review of sentence credit issues without at least first attempting to exhaust available administrative remedies.

*Id.* at *3.

Petitioner in this case has not pursued his administrative remedies. (Mem. Supp. Pet. at 6; Mem. Supp. Reply at 3.) While this Court is not convinced that petitioner has satisfied the futility exception to exhaustion for the reasons stated in *Herman* and *Sanchez*, it recognizes that petitioner has completed nearly all of his 220 months imprisonment. In addition, it notes that in general, it may take up to 160 days to pursue the relevant administrative process from start to finish. Earned good-time credits, furthermore, affect the timing of eligibility "for 'pre-release custody' in a halfway house" under 18 U.S.C. § 3624(c). *See Ashkenazi v. Attorney General*, 346 F.3d 191, 192 (D.C. Cir. 2003). Should petitioner be entitled to relief on the merits, requiring exhaustion of the administrative process could interfere with such pre-release custody. Petitioner commenced this action in September 2003. Although some of the delay in addressing the matters raised in this case can be attributed to petitioner because he erroneously filed the action in the Eastern District of Arkansas, petitioner did nothing to further delay resolution of this case once he filed it.

In light of the foregoing facts peculiar to this case, it appears prudent to address the merits of petitioner's claims despite the lack of exhaustion. Because exhaustion is not a jurisdictional prerequisite to bringing a § 2241 petition, the Court may address the merits of such a petition notwithstanding a lack of exhaustion. Furthermore, denying habeas petitions on the merits despite a lack of exhaustion is not inconsistent with § 2241 or its habeas corpus precedent embodied in 28 U.S.C. § 2254(b)(2). *See Edwards v. Bowles*, No. 3:03-CV-2624-M, 2004 WL 308036, at *7 (N.D. Tex. Feb. 18, 2004), *accepted by* 2004 WL 741290 (N.D. Tex. Mar. 16, 2004). For the foregoing reasons, the Court will proceed to the merits of petitioner's time-credit issue despite his failure to exhaust administrative remedies.

## III.  TIME CREDIT

Petitioner challenges the calculation of his good-time credits under 18 U.S.C. § 3624(b). (Pet. at 2.)  He claims that, although under a plain reading of § 3624(b), he is entitled to fifty-four days good-time credit for each year of his sentence, the BOP has interpreted the statute to award only forty-seven days credit per year. (Mem. Supp. Pet. at 6.)  Respondent argues that the BOP has properly determined petitioner's good-time credits in accordance with § 3624(b) and a regulation (28 C.F.R. § 523.20) and a policy statement (BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)) related to that section.  (Answer at 7-8.)

Section 3624(b)(1) of Title 18 of the United States Code provides in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the least year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Section 523.20 of Title 28 of the Code of Federal Regulations provides:

> Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served.  This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.  The amount to be awarded is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter). Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.

The BOP's program statement concerning the computation of good conduct time credit "is forty-five pages in length, and requires lengthy mathematical calculations" to arrive at the computation of credit earned. *Williams v. Dewalt*, 351 F. Supp.2d 412, 414 (D. Md. 2004).

Although the Fifth Circuit Court of Appeals has not addressed the time-credit issue raised by petitioner, appellate courts that have considered the particular issue have determined that the BOP's interpretation of 18 U.S.C. § 3624(b) as embodied in 28 C.F.R. § 523.20 is reasonable and entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *See Perez-Olivio v. Chavez*, 394 F.3d 45, 48-54 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1268-71 (9th Cir. 2001); *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec. 16, 2002) (unpublished decision). In addition, courts in this district have rejected prior challenges to the BOP's good-time credit calculation that were based upon the same theory that petitioner now asserts. *See, e.g., Shorthouse v. Van Buren*, No. 4:04-CV-0693-Y, 2005 WL 241185, at *1-2 (N.D. Tex. Feb 1, 2005), *adopted by* 2005 WL 465170 (N.D. Tex. Feb. 28, 2005); *Carter v. Jeter*, No. 4:04-CV-0729-Y, 2005 WL 65960, at *1-2 (N.D. Tex. Jan. 11, 2005), *adopted by* 2005 WL 323741 (N.D. Tex. Feb 8, 2005); *Williams v. Van Buren*, No. 4:04- CV-525-Y, 2004 WL 3019446, at *1 (N.D. Tex. Dec. 29, 2004); *Harvey v. Joslin*, No. 3:04-CV-1811-N, 2004 WL 2645550, at *1-3 (N.D. Tex. Nov. 18, 2004), *adopted by* 2004 WL 2805818 (N.D. Tex. Dec. 6, 2004); *Belasco v. Bidden*, No.1:03-CV-165-C, 2004 WL 2381248, at *2 (N.D. Tex. Oct. 22, 2004); *Martinez v. Wendt*, No.3:03-CV-826-L, 2003 WL 22456808, at *2-4 (N.D. Tex. Oct. 24, 2003), *accepted by* 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).

Based upon the foregoing persuasive authorities, the Court finds the BOP's method of calculation of good-time credit reasonable and entitled to deference. Petitioner's challenge to the method of the calculation of his good-time credits is thus without merit and petitioner is entitled to no habeas relief for the alleged miscalculation of his sentence credits.

### IV. DUE PROCESS

Petitioner further claims that the BOP's misinterpretation of 18 U.S.C. § 3624(b) has deprived him of his due process rights. The Fifth Circuit has "yet to determine whether a federal statute creates a constitutionally protected interest in good-time credits", *Belasco[5] v. Bidden*, No. 03-11049, 2004 WL 376901, at *1 (5th Cir. Mar. 1, 2004), although it has assumed such protected interest without deciding the matter, *see Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because the Court has determined that the BOP has not misinterpreted § 3624(b), the facts of this case do not require the Court to determine whether petitioner has a due process right to good-time credit. By properly calculating petitioner's good-time credits in accordance with § 3624(b) and BOP regulations and policies, respondent has not deprived petitioner of his rights to due process. *See Belasco v. Bidden*, No.1:03-CV-165-C, 2004 WL 2381248, at *2 (N.D. Tex. Oct. 22, 2004) (noting lack of Fifth Circuit precedent with respect to whether an inmate has a constitutionally protected interest in good-time credits and, without further discussion of that issue, finding no due process violation when the BOP properly calculates time credits).

---

[5] The Court notes that Westlaw's keycite history erroneously spells the name "Belacso."

## V. EQUAL PROTECTION

Petitioner also asserts that his rights to equal protection were violated by the BOP's misinterpretation of 18 U.S.C. § 3624(b).

"The Due Process Clause of the Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment." *Rodriguez-Silva v. INS*, 242 F.3d 243, 247 (5th Cir. 2001). Although "the scope of the two protections is not necessarily identical", the principles of equal protection "require the same type of analysis under the Fifth and Fourteenth Amendments." *Id.* (citing *Buckley v. Valeo*, 424 U.S. 1, 93 (1976)). Under the Fourteenth Amendment, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the [governmental] action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).

Petitioner has not alleged, much less shown, that the calculation of his good-time credits was due to purposeful discrimination or any impermissible motive. Nor has he alleged that he has been treated differently from those situated similarly – the crux of an equal protection claim. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Consequently, petitioner has stated no viable equal protection violation. The Court should find that he is entitled to no habeas relief on this claim. Such finding is consistent with another decision of this district. *See Carter v. Jeter*, No. 4:04-CV-0729-Y, 2005 WL 65960, at *2 (N.D. Tex. Jan. 11, 2005) (finding no equal protection violation without significant discussion), *adopted by* 2005 WL 323741 (N.D. Tex. Feb 8, 2005).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant petition filed pursuant to 28 U.S.C. § 2241.

**SIGNED this 25th day of March, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12